## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GOVERNMENT ACCOUNTABILITY PROJECT,**<br>1612 K St. NW, Suite #1100<br>Washington, D.C. 20006<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL EMERGENCY MANAGEMENT AGENCY,**<br>500 C St. SW,<br>Washington, D.C. 20472<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>Office of the General Counsel MS0485<br>2707 Martin Luther King Jr. Ave SE<br>Washington, D.C. 20528<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1.      Plaintiff GOVERNMENTAL ACCOUNTABILITY PROJECT brings this suit to force Defendants FEDERAL EMERGENCY MANAGEMENT AGENCY and U.S. DEPARTMENT OF HOMELAND SECURITY to conduct a reasonable search, issue a determination, and produce records regarding FEMA's response to President Biden's September 20, 2023 Executive Order instructing it to designate a disaster recovery coordinator to oversee long-term recovery efforts in response to the East Palestine Train Derailment.  In recognition of the urgency to inform the public of this material, FEMA granted expedited processing but has failed to produce the records as soon as practicable, as required by law

## PARTIES

2. Plaintiff GOVERNMENTAL ACCOUNTABILITY PROJECT ("GAP") is a nonprofit whistleblower protection and advocacy organization and is the FOIA requester in this case.

3. Defendant FEDERAL EMERGENCY MANAGEMENT AGENCY is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DHS is the parent agency of FEMA.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## APRIL 12, 2024 FOIA REQUEST TO FEMA

7. On April 12, 2024, Plaintiff submitted a FOIA request to FEMA for "records and communications related to President Joe Biden's Executive Order issued on September 20, 2023, which instructed the Federal Emergency Management Agency (FEMA) to designate a federal disaster recovery coordinator to oversee long-term recovery efforts in response to the East Palestine Train Derailment (EPTD)."

8. On April 15, 2024, FEMA acknowledged receipt of the FOIA request, assigned reference number 2024-FEFO-00702 to the matter, and asked Plaintiff to clarify the types of records sought.

9. A true and correct copy of the acknowledgement letter quoting the FOIA request, along with subsequent correspondence, is included in Exhibit 1.

10. Between April 17 and May 9, 2024, the parties conferred to specify Plaintiff's request. *Id*.

11. On May 9, 2024, Plaintiff consented to narrow the scope of the FOIA request to seek the following records, dated from September 20, 2023 to April 18, 2024:

> 1. We are requesting all records and communications during the aforementioned time frame related to the EPTD, FEMA employees and key terms listed below.
>
> FEMA Employees: James McPherson/Jim McPherson OR Thomas Sivak OR Michael Chesney OR Deanne Criswell OR Eric Hooks
>
> To/From: "durno.mark@epa.gov" OR "shore.debra@epa.gov" OR "regan.michael@epa.gov"
>
> Key words: "Presidential Disaster Declaration" OR "unmet needs" OR "federal assistance" OR "relocation" OR "Medicare" OR "Medical"
>
> 2. The request also encompasses records and communications between James McPherson, the FEMA custodians and key terms listed below.
>
> FEMA Employees: James McPherson/Jim McPherson OR Thomas Sivak OR Michael Chesney OR Deanne Criswell OR Eric Hooks
>
> To/From: "t.conaway@eastpalestine-oh.gov" OR "k.a.drabick@eastpalestine-oh.gov" OR "info@inpactoh.org" OR "jessconard@bennington.edu" OR "misti.allison2@gmail.com" OR "jamiwallace77@outlook.com" OR "unitycouncil2023@gmail.com" OR "Anna.Perng@who.eop.gov" OR "ldu1@cdc.gov" OR "kie8@cdc.gov" OR "lfauss@columbiana-health.org" OR "wvins@columbiana-health.org" OR "ohioema@dps.ohio.gov
>
> Key words: "Presidential Disaster Declaration" OR "unmet needs" OR "federal assistance" OR "relocation" OR "Medicare" OR "Medical"

*Id*.

12. On May 15, 2024, FEMA located 13,336 pages of potentially responsive records and offered Plaintiff an opportunity to further narrow the request for faster processing. *Id*.

13. Between May 15-23, 2024, the parties conferred about options for narrowing the request. *Id*.

14. On May 23, 2024, Plaintiff removes the search term "medical" and asked FEMA to release responsive records on a rolling basis. *Id*.

15. On May 29, 2024, FEMA asked Plaintiff if it was interested in receiving weekly and biweekly reports in addition to the Long Term Recovery Rapid Needs Assessments. *Id*.

16. On May 29, 2024, Plaintiff indicated that those reports and assessments should be considered responsive if they contain key search terms. *Id*.

17. On July 25, 2024, Plaintiff followed up with FEMA asking for an update on the status of the FOIA request. *Id*.

18. On July 25, 2024, FEMA stated that the request was "moved to another department for processing." FEMA also asked Plaintiff to confirm the search parameters for the request. *Id*.

19. On July 25, 2024, Plaintiff confirmed the search parameters for the request. *Id*.

20. On August 6, 2024, FEMA granted expedited processing of the request.

21. A true and correct copy of the letter is attached as Exhibit 2.

22. On September 13, 2024, Plaintiff followed up with FEMA asking for an update on the status of responsive document production. Ex. 1.

23. On September 13, 2024, FEMA stated that the request was "currently in the queue pending review by one of our analysts" and indicated that an update would be provided "once the analyst is assigned." *Id*.

24. On November 4, 2024, Plaintiff followed up with FEMA and asked for an estimated date of completion for the request. *Id*.

25. On November 6, 2024, FEMA stated that the request was "number 10 in the queue to be assigned to an analyst for processing" and once the case is assigned to an analyst, "the analyst will contact [Plaintiff] with an update and estimated completion date."

26. A true and correct copy of the correspondence is attached as Exhibit 3.

27. On November 6, 2024, Plaintiff asked FEMA if the lack of assignment to an analyst meant that no work had been done on processing responsive documents, noting that expedited processing had been granted for the request. *Id*.

28. On November 6, 2024, stated that Plaintiff "may experience a significant delay in receiving a substantive response" because FEMA had "adjusted normal operations" in order to support "the agency's active response to Hurricanes Helene, Milton, and other incidents." *Id*.

29. FEMA did not send any further correspondence to Plaintiffs regarding this request after November 6, 2024.

30. As of the date of this filing, FEMA has not issued a determination on Plaintiff's request.

31. It was practicable for FEMA to process the request by the date of this filing.

32. As of the date of this filing, FEMA has failed to make any responsive records available to Plaintiff.

33. There is an urgency to inform the public about the details of long-term recovery efforts after a significant environmental incident that exposed communities to hazardous chemicals.

34. The requested records would assist the public in understanding the extent to which the government complied with President Biden's September 20, 2023 Executive Order to designate a federal recovery coordinator to oversee the long-term recovery efforts and identify unmet needs in response to the East Palestine Train Derailment.

## COUNT I – FEMA'S FOIA VIOLATION

35. The above paragraphs are incorporated by reference.

36. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

37. Defendant FEMA is a federal agency subject to FOIA.

38. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

39. Defendant FEMA has failed to conduct a reasonable search for records responsive to the request.

40. Defendant FEMA has failed to issue a determination within the statutory deadline.

41. Defendant FEMA has failed to produce all non-exempt records responsive to the request as soon as practicable.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: December 9, 2024

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff

GOVERNMENTAL ACCOUNTABILITY PROJECT

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

- 7 -